**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Darlene Carter, et al., | Case No. 2:19-cv-01779-APG-BNW |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Liberty Insurance Corporation, et al., | |
| Defendants. | |

Presently before the court is Plaintiffs' motion for leave to amend their complaint, filed June 10, 2020. ECF No. 18. Defendants responded (ECF No. 19) on June 24, 2020, and Plaintiffs replied (ECF No. 20) on July 2, 2020.

**BACKGROUND**

Plaintiffs filed a complaint against Liberty Mutual Insurance (Liberty) for damage sustained to their house on April 30, 2016. Liberty required Plaintiffs to have their home repaired by DallasWhite and, eventually, by Belfor. Plaintiffs allege their home is still in disrepair and filed claims against Liberty. Plaintiff now seeks to add DallasWhite and Belfor as defendants to this case.

Plaintiffs argue they should be allowed to amend the complaint based on the four factors. They argue that they were unable to depose these entities due to the COVID-19 pandemic and, in

1  turn, were precluded from confirming certain information that would have been instructive in
2  determining whether to add these entities. In addition, Plaintiffs explain that Belfor recently sued
3  them in Small Claims Court, a factor that was not present before, which now serves as the catalyst
4  for the need to amend the complaint. Notably, Plaintiffs do not set out the requirements that must
5  be met under Fed. R. Civ. P 16(b) when the deadline for amending the complaint has passed,
6  which is the case here.
7  Defendants oppose the request and argue, as applicable to this determination, that
8  Plaintiffs cannot meet the good cause standard under Fed. R. Civ. P. 16(b) for amendment. First,
9  they argue that Plaintiffs knew about the need to add these entities as defendants from the outset
10 of this litigation. To substantiate this claim, they point to the original complaint, which contains
11 facts showing Plaintiffs were aware of the potential for liability as to these two entities, as well of
12 the fact that Belfor might be seeking compensation from Plaintiffs. ECF No. 1-1 (DallasWhite
13 and Belfor "have further damaged the property causing distress to the property and Plaintiffs;"
14 Plaintiffs had to hire "several contractors that failed to obtain proper permits and licensing to
15 perform the necessary repair and restoration work and performed substandard work on the
16 property"; "Plaintiffs are receiving threatening demands from Belfor for the balance of the
17 contract price.") To the extent there is any doubt as to Plaintiffs' awareness of the issues
18 surrounding Belfor and DallasWhite, Defendants point out that Plaintiffs obtained information
19 through the discovery process, including direct correspondence from Belfor to Plaintiffs
20 (demonstrating that Belfor was seeking to sue Plaintiffs). ECF No.19-1 at 12. In short,
21 Defendants argue that Plaintiffs have not been diligent in pursuing this request.
22 Plaintiffs' reply sets forth a variety of reasons why the good cause standard has been met
23 under Fed. R. Civ. P. 16(b).

### DISCUSSION

25 Generally, a party may amend its pleading once "as a matter of course" within twenty-one
26 days of serving it, or within twenty-one days after service of a responsive pleading or motion
27 under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading
28 only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

1  "The court should freely give leave when justice so requires." *Id*. "The court considers five
2  factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay,
3  prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously
4  amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

5  However, when the deadline for amending pleadings under a scheduling order has passed,
6  the court's analysis must start with Rule 16(b). *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271,
7  1294 (9th Cir. 2000) (court correctly applied Rule 16(b) because time to amend pleadings lapsed
8  before party moved to amend); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th
9  Cir. 1992) (analysis begins with Rule 16(b) once deadline to amend pleadings has passed). Under
10 Rule 16(b)(4), a "schedule may be modified only for good cause and with the judge's consent."
11 Unlike Rule 15(a)'s "liberal amendment policy[,] . . . Rule 16(b)' s 'good cause' standard
12 primarily considers the diligence of the party seeking the amendment . . . [i]f that party was not
13 diligent, the inquiry should end." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d
14 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015)
15 (internal quotations and citations omitted); *see also Mammoth Recreations*, 975 F.2d at 609-10
16 (no good cause for amendment when movant knew of facts and theory from the beginning of the
17 case and waited until four months after the deadline for amendments passed to move to amend).

18 Here, as an initial matter, the court is troubled by Plaintiffs' failure to raise and address
19 Rule 16(b) given the Ninth Circuit law on this point. However, in the interest of resolving the
20 parties' dispute on the merits, the court considered Plaintiffs' arguments in its motion and reply.

21 The Court finds that Plaintiffs have not demonstrated good cause for their late motion to
22 amend. The discovery plan and scheduling order governing this case set January 10, 2020 as the
23 deadline to amend the pleadings.[1] Plaintiffs filed this motion five months after the deadline
24 passed. First, the court is not persuaded by Plaintiffs' argument that the COVID-19 pandemic

---

[1] Plaintiffs suggest that there have been stipulations to extend the Discovery Plan and Scheduling Order but that it "inadvertently" did not include an extension for the deadline to amend pleadings and that, as a result, the motion to amend would have been due June 7, 2020. The Court is not persuaded by this argument.

impeded their ability to take the depositions for DallasWhite and Belfor, which in turn would have allowed them to confirm certain information in order to add them as parties. For starters, there are other methods Plaintiffs could have availed themselves of short of an in-person deposition. While the court understands that COVID-19 has made in-person depositions difficult, parties have been deposing parties virtually and have never stopped propounding interrogatories, requests for productions and request for admissions.  And, in any event, the fact that they now seek to add these two entities, without having had the benefit of such in-person depositions, detracts from the argument that these depositions were necessary in the first place.

Second, the notion that Belfor's recent claim against Plaintiffs in Small Claims Court somehow buttresses the need to amend at this stage of the litigation is not persuasive. Plaintiffs have been on notice that Belfor intended to sue them from the outset of this case. Nor does this argument address Plaintiffs' failure to add DallasWhite as a party earlier.

In short, Plaintiffs' explanations fall short of the type diligence required to meet the good cause standard. Accordingly, the court does not find good cause for Plaintiffs' late motion to amend and recommends that it be denied. Given no good cause has been shown, the court does not analyze the factors governing requests to amend the complaint under FRCP 15. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (if the movant was not diligent, the inquiry ends); *Mammoth Recreations*, 975 F.2d at 609 (same).

## CONCLUSION AND RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiffs' motion for leave to amend their complaint (ECF No. 18) be DENIED.

1 **NOTICE**

2  This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: July 16, 2020.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE