**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Darlene Carter, et al., | Case No. 2:19-cv-01779-APG-BNW |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| Liberty Insurance Corporation, et al., | |
| Defendants. | |

Presently before the Court is Black and Lobello (B&L) Law Firm's Motion to Adjudicate Attorney's Fee Lien. ECF No. 16.  No opposition has been filed.

**I.     Procedural Background**

On August 14, 2018, Plaintiffs Darlene Carter and David Blanco hired B&L to represent them in their legal matter. Plaintiffs agreed to pay B&L for their paralegals' and attorneys' services on an hourly basis at the rate of $150 to $500 per hour. ECF No. 16-1. B&L represented Plaintiffs until March 25, 2020. Plaintiffs received invoices from B&L outlining the fees and costs they were incurring, and which were owed. Plaintiffs' fees exceeded the amount they paid as evidenced by the attached Client Activity Report, Expense Report, and Billing History Report. ECF No. 16-2. B&L represents that, as of May 7, 2020, Plaintiffs owe B&L a total of $9,848.53. ECF 16-2. In addition, B&L claims the Plaintiffs owe at least another $500 in connection with the need to file the instant motion. Therefore, B&L claims $10,348.53 in total unpaid fees and costs Plaintiffs have incurred in this matter.

## II. Magistrate Judge's Authority

Before turning to the substance of the pending motion, the Court first evaluates its authority to decide the matter. The authority of the undersigned magistrate judge is derived from 28 U.S.C. § 636, which generally provides magistrate judges with the authority to "hear and determine" non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1259 (9th Cir. 2013). By contrast, dispositive matters are sometimes referred to magistrate judges, but in those circumstances a magistrate judge submits a recommendation to the assigned district judge that is subject to the district judge's de novo review. *See* 28 U.S.C. § 636(b)(1)(B); *see also CMKM Diamonds*, 729 F.3d at 1259-60. Section 636 specifically enumerates eight different types of matters to be treated as "dispositive." *See* 28 U.S.C. § 636(b)(1)(A)-(B). When a matter falls outside of those expressly enumerated as dispositive, the Ninth Circuit has adopted a functional approach of looking to the nature and effect of the issued ruling to determine whether the underlying matter should be considered dispositive or non-dispositive. *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015).

This matter involves a determination of a request to adjudicate an attorney's lien, which in turn requires a determination of the fees owed to an attorney and then entry of judgment in that amount. Such a motion is not one of the motions enumerated in Section 636 as being dispositive, so the undersigned will evaluate its nature and effect to determine whether its resolution is within a magistrate judge's authority. As a general matter, magistrate judges have the authority to decide a request for attorneys' fees arising out of a distinct pretrial event, such as attorneys' fees arising out of a discovery dispute. *See Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991). On the other hand, case-wide attorneys' fees determined in relation to entry of judgment must be treated as a dispositive matter beyond a magistrate judge's authority. *See* Fed. R. Civ. P. 54(d)(2)(D). As a result, this court will treat the motion as being dispositive in nature and will issue a report and recommendation to the assigned district judge.

## II. Analysis

In the present action, B&L filed a notice of what is typically referred to as a charging lien. *See Leventhal v. Black & LoBello*, 305 P.3d 907, 909 (Nev. 2013). "A charging lien is 'a unique

method of protecting attorneys.'" *Id*. A charging lien allows an attorney, on motion in the case in which the attorney rendered the services, to obtain and enforce a lien for fees due for services rendered in the case. *See Argentena Consol. Mining Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 782 (Nev. 2009). The state's law in which a federal court sits governs resolution of an attorney lien. *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 448 (2d Cir. 1998) (federal courts resolve attorney liens by applying state law).

Nev. Rev. Stat. § 18.015(2) allows for a retaining lien by an attorney for the fees owed to that attorney by his client. Such relief may be sought by the filing of a motion for adjudication and enforcement of the lien. *See* Nev. Rev. Stat. § 18.015(6). The statute requires four actions before a court can adjudicate and enforce the lien.

First, there must be a "claim, demand or cause of action, . . . which has been placed in the attorney's hands by a client for suit or collection, or upon which a suit or other action has been instituted." Nev. Rev. Stat. § 18.015(1)(a). This requirement has been met.

Second, the attorney must perfect the lien by serving "notice in writing, in person or by certified mail, return receipt requested, upon his or her client and upon the party against whom the client has a cause of action, claiming the lien and stating the interest which the attorney has in any cause of action." Nev. Rev. Stat. § 18.015(3). Here, Plaintiffs were served with the lien by certified mail as required by the statute. ECF No. 16. The lien is the amount of the agreed-upon fee or, if none has been agreed upon, a reasonable amount for the services rendered "on account of the suit, claim, demand or action." Nev. Rev. Stat. § 18.015(2). Here, Ms. Carter and Mr. Blanco agreed to pay B&L for their paralegals' and attorneys' services on an hourly basis at the rate of $150 to $500 per hour.[1] ECF No. 16-1.

Third, the "lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section." NRS 18.015(4)(a). Here, the lien was served on May 7, 2020.

---

[1] The majority of the time billed was by Steve Mack, an AV-rated attorney with over 20 years of experience in commercial litigation practice. Mr. Mack has extensive experience in trials and arbitrations involving all areas of civil, administrative and complex financial issues, including being successful in appeals to the Nevada Supreme Court and Ninth Circuit Court of Appeals. Based upon the factors listed in *Brunzel! v. Golden Gate Nat'l Bank*, 85 Nev. 345 (1969), his rate of $400 per hour is reasonable.

Finally, the attorney must timely file and properly serve a motion to adjudicate the lien. NRS 18.015(6). Here, B&L filed the motion to adjudicate the attorney's lien on May 7, 2020 and attested that they would serve it on Plaintiffs. Thus, the statutory requirements have been met and the attorney's lien is ripe for adjudication.

**IT IS THEREFORE RECOMMENDED** that B&L's valid, perfected attorneys' lien against Plaintiffs, DARLENE CARTER and DAVID BIANCO should be reduced to judgment, along with the fees and costs for the instant Motion, and entered in favor of B&L in the amount of $10,348.53.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 7, 2020

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE