ANDREW C. GREEN, ESQ.
Nevada Bar No. 9399
NATHANIEL T. COLLINS, ESQ.
Nevada Bar No. 15027
KOELLER NEBEKER CARLSON
& HALUCK, LLP
400 S. 4th Street, Suite 600
Las Vegas, NV 89101
Phone:  (702) 853-5500
Fax:  (702) 853-5599
*Andrew.green@knchlaw.com*
*Nathaniel.collins@knchlaw.com*
Attorneys for Defendant,
LIBERTY INSURANCE CORPORATION
*erroneously sued as* LIBERTY MUTUAL INSURANCE
and LIBERTY MUTUAL INSURANCE CORPORATION

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARLENE CARTER, an individual; and DAVID BIANCO, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE, a foreign entity, LIBERTY INSURANCE CORPORATION, a foreign corporation, DOES I –X, ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | ) **CASE NO.:  2:19-cv-01779-APG-BNW**<br>)<br>) **STIPULATION AND ORDER FOR**<br>) **THIRTY (30) DAY EXTENSION OF**<br>) **DATES WITHIN SCHEDULING ORDER**<br>)<br>) **[FIFTH REQUEST]**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COME NOW**, Defendant, LIBERTY INSURANCE CORPORATION *erroneously sued as* LIBERTY MUTUAL INSURANCE and LIBERTY MUTUAL INSURANCE CORPORATION (hereinafter also referred to as "Liberty Mutual" or "Defendant"), by and through its attorneys, the law firm of KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and Plaintiffs, DARLENE CARTER and DAVID BIANCO (hereinafter "Plaintiffs"), by and through their attorneys of record, Steven Mack, Esq., of GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP and hereby submit this joint stipulated request to extend the time for the remaining discovery deadlines by thirty (30) days.

As an initial matter, the parties specifically note for the Court the instant request to extend time and discovery is in direct response to impacts upon witness availability, and

609522v3

specifically availability of plaintiff's for depositions and resulting delay for analysis of their testimony as stated was desired by plaintiff's litigation expert witnesses. In particular, the prior scheduled deposition for Ms. Carter, and completion of the deposition of Mr. Bianco as previously scheduled to complete prior to the close of discovery were delayed due to the emergency need for each to temporarily leave the state to provide care to family.

### A. Statement of Completed Discovery.

The parties have performed initial disclosures of witnesses and documents as well as supplemental disclosures of documents that were obtained via subpoenas to non-parties. The Defendant served subpoenas for records from the Custodian of Records for non-parties Affordable Home Services d/b/a D Best Plumbing, Ariat Roofing, Inc., Belfor USA Group, Inc., City of Las Vegas Department of Building & Safety, DALLASWHITE Corporation, Desert Home Electric, Eco Electric, FieldAware, Innovation Group, Nevada Contractors Board, TLC Roof Services, and Williams Electric. Of the non-parties served with subpoenas, Affordable Home Services d/b/a D Best Plumbing, Belfor USA, City of Las Vegas Department of Building and Safety, DALLASWHITE Corporation, Desert Home Electric, Eco Electric, FieldAware, Innovation Group, TLC Roof Services, and Williams Electric have responded and provided documents. The parties subject to subpoenas requested extensions of time to respond to provide documents, resulting in delayed receipt of materials.  All of the documents received in response to subpoenas have been produced to Plaintiffs. Defendant also commenced deposition of Plaintiff David Bianco, and was previously scheduled to depose Plaintiff Darlene Carter, and to complete deposition of Plaintiffs' experts. Whereas deposition of Mr. Bianco commenced October 28, 2020, the deposition could not complete at that time due to electronic transmission issues related to conduct of the deposition via zoom.

Plaintiffs also served interrogatories and requests for production of documents, and responses have been served. Plaintiffs and Defendant have also retained litigation consultants; Plaintiffs have also served subpoenas on Innovative, Belfor and Dallaswhite.  Plaintiffs have also conducted multiple depositions including Innovative representatives, Belfor

representatives, Dallswhite representatives, Defendant's experts, and Defendant's representative, August Nardoni, and employees, Matt Degelormo, and Wanda Chambers.

**B. Statement of Discovery that Remains to be Completed.**

Defendant commenced deposition of Plaintiff David Bianco, and was previously scheduled to depose Plaintiff Darlene Carter, and to complete deposition of Plaintiffs' experts. Whereas deposition of Mr. Bianco commenced October 28, 2020, the deposition could not complete at that time due to electronic transmission failures related to conduct of the deposition via zoom. Whereas deposition of Ms. Carter was scheduled to proceed November 9, 2020, the deposition was continued due to a family emergency requiring both Plaintiffs to travel to care for family (in Michigan). Related to those delays, Plaintiffs' designated expert, Joanna Moore, has stated need to analyze the deposition testimony of Plaintiffs for her opinions, resulting in corresponding delay of that deposition. Ms. Moore also stated need to complete analysis of deposition testimony of Defendant personnel Matt Degelormo and Wanda Chambers for her opinions and testimony, and was awaiting receipt of transcription of those materials which had not yet been provided by the stenographer at the time of prior attempt for her deposition. The parties are in agreement to permit those depositions to proceed and conclude to address these issues.

**C. Statement Supporting the Necessity of Extending Dates within the Scheduling Order.**

Prior extensions and delays were encountered and requested to accommodate both parties' adherence to guidance of the Center for Disease Control and the Court for implementation of restrictions to avoid spread and contraction of spread of COVID-19. Those challenges in turn contributed to initial delay and then further family emergency delay occurred due to Plaintiffs' need to leave the state to care for family. The stated need for Plaintiffs' litigation expert to analyze the deposition testimony by Plaintiffs and Defendant's personnel resulted in corresponding delay for deposition of the expert witness that was otherwise previously scheduled. These interruptions and delays have been beyond the control of counsel and the parties, and were not anticipated, and the parties are in agreement to permit the depositions to proceed and conclude to address the prejudice from the unintended obstructions.

The parties submit the emergent and unanticipated family needs and their agreement to cooperate to address the resulting complications warrant extension as requested herein, and for which the parties have already agreed to schedule the remaining proceedings to complete within.

**D. Proposed Revised Schedule**

With a thirty (30) day discovery extension of the remaining discovery deadlines, as well as the total time for discovery, the new discovery cut-off date will be **January 18, 2021.** The Parties propose to extend the remaining discovery deadlines in this case by thirty (30) days, and the resulting changes to the scheduling order will result in the following:

Close of Discovery: Currently, the close of discovery is December 18, 2020. The proposed cut-off date is **January 18, 2021**, although expert report updates could extend beyond this date depending on the completion of the depositions.

///
///
//
///
///
///
///
///
///
///
///
///
///
///
///
///

609522v3

1    <u>Dispositive Motions:</u> Dispositive motions will be made no later than **February 18,**

2    **2021**, which does not exceed the outside limit of thirty (30) days following the

3    discovery cut-off date that LR26-1(b)(4) presumptively sets for filing dispositive

4    motions.

5    <u>Pretrial Order:</u> The Joint Pretrial Order shall be filed by **March 18, 2021**, which is no

6    later than thirty (30) days after the date set for the filing of dispositive motions.

7    DATED this <u>18</u><sup>th</sup> day of December, 2020.    DATED this <u>18</u><sup>th</sup>day of December, 2020.

8    KOELLER, NEBEKER, CARLSON    GIBBS GIDEN LOCHER TURNER
        & HALUCK, LLP    SENET & WITTBRODT LLP

9

10    By: _____ */s/Nathaniel T. Collins* _____    By: _____ */s/Steven Mack* _____
        ANDREW C. GREEN, ESQ.    STEVEN MACK, ESQ.
        Nevada Bar No. 9399    Nevada Bar No. 4000

11    NATHANIEL T. COLLINS, ESQ.    1140 N. Town Center Drive, Suite 300
        Nevada Bar. No. 15027    Las Vegas, NV 89144

12    400 S. 4th Street, Suite 600    Attorneys for Plaintiffs,
        Las Vegas, NV 89101    DARLENE CARTER and DAVID

13    Attorneys for Defendant,    BIANCO
        LIBERTY INSURANCE CORPORATION

14    *erroneously sued as* LIBERTY MUTUAL
        INSURANCE and LIBERTY MUTUAL

15    INSURANCE CORPORATION

16

17                    <u>ORDER</u>

18        **IT IS SO ORDERED.**

19                  _____
                  UNITED STATES MAGISTRATE JUDGE

20                  DATED: _____December 22, 2020._____

21    Respectfully Submitted by:

22    KOELLER, NEBEKER CARLSON
        & HALUCK, LLP

23    By: _____ */s/Nathaniel T. Collins* _____
        ANDREW C. GREEN, ESQ.

24    Nevada Bar No. 9399
        NATHANIEL T. COLLINS, ESQ.

25    Nevada Bar No. 15027
        400 S. 4th Street, Suite 600

26    Las Vegas, NV 89101
        Attorneys for Defendant,

27    LIBERTY INSURANCE CORPORATION
        *erroneously sued as* LIBERTY MUTUAL

28    INSURANCE and LIBERTY MUTUAL
        INSURANCE CORPORATION