## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DARLENE CARTER and DAVID BIANCO, | Case No.: 2:19-cv-01779-APG-BNW |
| Plaintiffs | **Order Accepting and Modifying Report and Recommendation and Granting in Part Motion to Adjudicate Attorney's Lien** |
| v. | |
| LIBERTY INSURANCE CORPORATION, | [ECF Nos. 16, 27] |
| Defendant | |

On December 8, 2020, Magistrate Judge Weksler recommended that I reduce to judgment the attorney's lien perfected by the plaintiffs' former counsel, Black and Lobello Law Firm, in the amount of $10,348.53. No one filed an objection. Thus, I am not obligated to conduct a de novo review of the report and recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)).

I accept Judge Weksler's report and recommendation, but I modify it to be only an adjudication of the charging lien. I do not reduce that lien to a judgment because the plaintiffs have not yet obtained a recovery in this case. *See* Nev. Rev. Stat. § 18.015(4)(a) (stating that a charging lien "attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action").[1] The Supreme Court of Nevada has

---

[1] *See also Leventhal v. Black & LoBello*, 305 P.3d 907, 910 (Nev. 2013) (stating that an attorney may obtain a charging lien on the "tangible fruits" of his or her labor, which is "generally money, property, or other actual proceeds gained by means of the claims asserted for the client in the litigation"); *Martinez v. Sheehan*, No. 48353, 281 P.3d 1198, 2009 WL 1444248, at *2 (Nev. 2009) (stating that a statutory charging lien "cannot be enforced until it has attached to a

recognized the difference between an attorney's "charging lien against the client's claim or recovery under NRS 18.015" and the attorney's ability "to sue its client and obtain a money judgment for fees due . . . ." *Leventhal*, 305 P.3d at 910.  The charging lien does not become a judgment that Black and Lobello Law Firm can use to collect against any other property of its client; recovery is limited to the fruits of this case.

I THEREFORE ORDER Magistrate Judge Weksler's report and recommendation (ECF No. 27) is accepted and modified, and Black and Lobello Law Firm's motion to adjudicate attorney's lien **(ECF No. 16) is GRANTED in part**.  Black and Lobello Law Firm has a charging lien in the amount of $10,348.53 on any recovery the plaintiffs obtain in this case.

DATED this 7th day of January, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

judgment or settlement in the underlying case"); *Argentena Consol. Min. Co. v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 783-84 (Nev. 2009) (en banc) ("A charging lien is a lien on the judgment or settlement that the attorney has obtained for the client.").