ANDREW C. GREEN, ESQ.
Nevada Bar No. 9399
NATHANIEL T. COLLINS, ESQ.
Nevada Bar No. 15027
KOELLER NEBEKER CARLSON & HALUCK, LLP
400 S. 4th Street, Suite 600
Las Vegas, NV 89101
Phone: (702) 853-5500
Fax: (702) 853-5599
*Andrew.green@knchlaw.com*
*Nathaniel.collins@knchlaw.com*
Attorneys for Defendant,
LIBERTY INSURANCE CORPORATION
*erroneously sued as* LIBERTY MUTUAL INSURANCE
and LIBERTY MUTUAL INSURANCE CORPORATION

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DARLENE CARTER, an individual; and DAVID BIANCO, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE, a foreign entity, LIBERTY INSURANCE CORPORATION, a foreign corporation, DOES I-X, ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | **CASE NO.: 2:19-cv-01779-APG-BNW**<br><br>**REPLY IN SUPPORT OF LIBERTY INSURANCE CORPORATION** *erroneously sued as* **LIBERTY MUTUAL INSURANCE and LIBERTY MUTUAL INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT** |

**COMES NOW**, Defendant, LIBERTY INSURANCE CORPORATION *erroneously sued as* LIBERTY MUTUAL INSURANCE and LIBERTY MUTUAL INSURANCE CORPORATION'S (hereinafter referred to as "Liberty" or "Defendant"), by and through its attorneys, the law firm of KOELLER, NEBEKER, CARLSON & HALUCK, LLP, and hereby submits their Reply in Support of its Motion for Summary Judgment upon the claims against it in the Complaint by Plaintiffs, DARLENE CARTER and DAVID BIANCO [hereinafter referred to as "Plaintiffs"].

///

///

///

1  This Reply is based upon the attached Memorandum of Points and Authorities, the
2 pleadings and papers on file, and such other and further argument and evidence as may be
3 offered at the time of the hearing of this Motion, which is requested.
4  DATED this 25th day of March, 2021.

5  KOELLER NEBEKER CARLSON
 & HALUCK, LLP
6
  By:  */s/Andrew C. Green*
7  ANDREW C. GREEN, ESQ.
  Nevada Bar No. 9399
8  NATHANIEL T. COLLINS, ESQ.
  Nevada Bar No. 15027
9  400 S. 4th Street, Suite 600
  Las Vegas, NV 89101
10  Attorneys for Defendant,
  LIBERTY INSURANCE CORPORATION
11  *erroneously sued as* LIBERTY MUTUAL
  INSURANCE and LIBERTY MUTUAL
12  INSURANCE CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Plaintiff's theory the insurer is responsible for alleged damages from poor workmanship by repair trades is inconsistent with the terms of the subject policy contract, and inconsistent with the law and facts.

The policy contract controls, and the law affirms, the Defendant insurer does not have duties for poor workmanship by repair trades. Necessity for summary judgment for Plaintiffs' claim for alleged breach of contract is inherent because the parties' rights and obligations are determined by express contract terms, but Plaintiffs do not even cite or quote to the Court any express policy contract terms Plaintiffs contend impose a duty or indicate a breach.

There also certainly is not any admissible evidence of any agency relationship between Defendant and the repair trades, and certainly no admissible evidence of any Defendant ability or attempts to assume or exercise any authority over repair contractors, as required for some principal status. Plaintiffs' entire erroneous theory to attribute faulty workmanship by repair trades to an insurer is also based exclusively upon a demonstrably false premise; Plaintiffs' insinuation they were required to hire the subject repair trades is wrong, and expressly disproven in Plaintiffs' own testimony and produced documents.

Plaintiffs' errors and the resulting necessity for summary judgment are perhaps also poignantly demonstrated by the faulty and inadmissible references throughout their opposition. Much of Plaintiffs' allegations are not supported by any citation, requiring they be disregarded. Rather, Plaintiffs' limited attempted submissions consist entirely of inadmissible and incorrect legal conclusions, whether regarding principles for contract or agency.

Plaintiffs' inability to create genuine issues of fact is also epitomized by Plaintiffs' election to forgo any response to the necessity for summary judgment due to the lack of admissible evidence for the elements of causation and damages for their various causes of action. However, necessity of summary judgment is similarly patent from Plaintiffs' inability to present evidence of the elements of duty or breach.

Summary judgment should be granted for all of Plaintiffs' complaint and claims.

## II. PLAINTIFFS' LACK OF EVIDENCE OF DUTY PERVADES TO REQUIRE SUMMARY JUDGMENT

Plaintiffs' opposition expressly and conclusively confirms their theory that Defendant insurer should be responsible for damages from poor workmanship by repair trades. (*See generally*, Plaintiffs' Opposition, ECF #33.) Plaintiff likewise inherently affirm their theory of duty and associated breach is not supported by any terms in the policy contract document; plaintiffs do not quote or cite any terms therein is creating the duty they allege. (*Id.*)

In so doing, Plaintiffs also reaffirm the explanation why they lack evidence of duty for the purposes of the various causes of action, and particularly for their stated cause of action for alleged breach of contract. In particular, whereas Plaintiffs insinuate some duty for the Defendant insurer for some manner of review, oversight or responsibility for repair trades, no such duty is contained in the insurance policy contract. (*See generally*, Certified copy of the Insurance Policy Contract, attached to the Motion for Summary Judgment as Exhibit "6", ECF #32.) Rather, the controlling policy contract document expressly states the insurance company will not have any duty with regard to faulty workmanship by repair trades, as explained in the motion. (*See generally*, Certified copy of the Insurance Policy Contract, attached to the Motion for Summary Judgment as Exhibit "6", LIC004936, ECF #32.)

Plaintiffs did not even address this issue.[1] Nonetheless, the importance of these policy terms to foreclose Plaintiffs' theory of breach, is that Plaintiffs may not contend there exists some duty, contrary to the contract terms; this prohibition is clear application of parol evidence principles. *See, State ex rel. List v. Courtesy Motors*, 95 Nev. 103, 106 (1979)("It is a general rule that parol or extrinsic evidence is not admissible to add to, subtract from, vary, or contradict . . . written instruments which … are contractual in nature and which are valid, complete, Unambiguous, and unaffected by accident or mistake."), *see also, Kaldi v. Farmers Ins. Exchange*, 117 Nev. 273, 282 (2001). "The parol evidence rule forbids the reception of evidence which would vary or contradict the contract, since all prior negotiations and agreements are deemed to have been merged therein." *See, Daly v. Del E. Webb Corp.*, 96

---

[1] Plaintiffs also do not respond to the issue that even any erroneous alternative theory of some separate agreement whereby the Defendant insurer is construed to offer gratuitous assistance cannot create admissible evidence of some contractual duty, due to lack of creation of a contract because of want of consideration.

Nev. 359, 361, 609 P.2d 319, 320 (1980). Where "a written contract is clear and unambiguous on its face, extraneous evidence cannot be introduced to explain its meaning." *See, Geo. B. Smith Chemical v. Simon*, 92 Nev. 580, 582, 555 P.2d 216, 216 (1976).

Of particular significance for this matter, because Plaintiffs' complaint only alleges breach pursuant to the express terms of the contract, and because the express term of the insurance policy contract that the terms may not be modified unless agreed to by both parties in writing operates to very specifically implicate the parole evidence principles that foreclose plaintiff's theory of duty or associated breach based upon alleged duties not identified in the contract. *See, Kaldi*, 117 Nev. at 282.[2] (*See also*, Plaintiffs' Complaint, attached as Exhibit "1" to the Petition for Removal, ECF #1, Plaintiffs' Opposition, ECF #33.) Summary judgment should be given

III. PLAINTIFFS HAVE NOT PROVIDED ADMISSIBLE EVIDENCE TO CREATE THE REQUIRED GENUINE ISSUES OF MATERIAL FACT TO AVOID SUMMARY JUDGMENT

The factual assertions and speculations within Plaintiffs' Opposition are all unsupported as well as disputed and immaterial; they should be wholly disregarded. To that end, Plaintiffs also fail to comply with LR 56-1 that requires "a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the party relies." *Id*., *see also, Amini v. CSAA General Ins. Co*., 2016 WL 573949 at p.3.

The non-moving party also does not meet its burden simply by theorizing a plausible scenario in support of the party's claims, especially when that proffered scenario conflicts with direct, contrary evidence. *See*, *Scott v. Harris*, 550 U.S. 372, 380 (2007). Evidence must be concrete and cannot rely on "mere speculation, conjecture, or fantasy." *See, O.S.C. Corp. v.*

---

[2] "...the Agreement specifically prohibits separate oral contracts and requires that all changes, alterations or modifications to the Agreement be in writing and signed by all parties. The complaint only alleges the existence of the Explainer and that Farmers had expressly, or by implication, promised that any termination of the Agreement would be based on good cause. Thus, the facts of this case do not fall within the exception to the parol evidence rule set forth in *Crow–Spieker* and *Alexander*."

*Apple Computer, Inc.*, 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. *See*, *Villiarimo v. Aloha Island Air Inc.*, 281 F. 3d 1054, 1061 (9th Cir. 2002).

Plaintiffs' opposition is only unsupported allegations and suppositions by commentators without the required foundation of personal knowledge, and for positions that are expressly and conclusively rebutted by fact and law, and therefore summary judgment is required.

A. PLAINTIFFS CANNOT AVOID SUMMARY JUDGMENT BY UNSUPPORTED, ERRONEOUS ALLEGATIONS AND SUPPOSITION.

Plaintiffs attempt to rely extensively on their retained consulting witnesses to assert creation of entirely legal associations such as contractual and agency relationships. Plaintiffs' reliance in that regard is misplaced and improper, and cannot obstruct summary judgment. Even notwithstanding these witnesses expressly lack any credentials to draw legal conclusions on those entirely legal subjects[3], their proposed testimony of exclusively legal conclusions is entirely inadmissible.[4]

Plaintiffs cannot avoid summary judgment for their erroneous contract theory based upon inadmissible opinions of their asserted repair contracting and insurance claim handling consultants. These consulting witnesses' apparent opinions are not admissible because their opinions are exclusively legal conclusions regarding what contractual duties are created or exist. *See*, *Aguilar v. International Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992)(reasonableness is a determination of law for the court)(citing, *Marx v. Diners Club,*

---

[3] Plaintiffs retained consulting witnesses are solely purported to have expertise in the areas of construction that claim handling (Mr. Swainston and Ms. Moore, respectively), notwithstanding that any testimony they might desire regarding legal relationships and duties not identify to the policy would not be admissible pursuant to parole evidence principles, and that legal conclusions regarding duties or legal entities/associations are not admissible, these witnesses also like any credentials for these purely legal issues. (*See*, Plaintiffs' Designation of Experts, attached hereto as Exhibit "1", Excerpt of Transcript of Swainston Deposition Testimony, p.48, ln.14-21, pp.41-2, ln.21-25, 1-8, attached hereto as Exhibit "2" ("I'm not an insurance guy"), Excerpt of Transcript of Moore Deposition Testimony, pp.110-1, ln.12-25, 1-23, attached hereto as Exhibit "3" (Q.  You have not included in your report any citation or quote of any of the policy terms, though.  We agreed on that before, right?  A.  Right.  I'm speaking in general terms of an obligation under a homeowner claim.)

[4] Likewise, attempted testimony by Plaintiffs' retained consultants regarding their beliefs that Defendant should have done anything different, is not evidence of a duty for the same reasons, and nonetheless is also inadmissible to the same parol evidence principles discussed above.

1  *Inc.*, 550 F.2d 505, 509 (2d Cir.1977) (expert testimony consisting of legal conclusions
2  regarding existence of contract or meaning of its terms not admissible).
3        Plaintiffs' exclusive reliance upon their consulting witnesses is further misplaced
4  because those opinions do not operate to present the Court admissible evidence regarding any
5  alleged underlying facts. Mere authorship of opinion by Plaintiffs' consultants does not
6  operate to prove or render admissible any allegations relied upon by the witness in rendering
7  the opinions. *See, Amini v. CSAA General Ins. Co.*, 2016 WL 573949 at p.3 ("Even were I to
8  consider the report, Amini offers no evidence to support the factual assertions that it
9  contains.")
10       These references by plaintiffs do not satisfy the requirement for admissible evidence to
11 create genuine issues of material fact to avoid summary judgment.

    B. PLAINTIFFS CANNOT AVOID SUMMARY JUDGMENT BASED UPON THEIR UNILATERAL MISCONCEPTION REGARDING THEIR ABILITY TO HIRE CONTRACTORS OF THEIR CHOOSING.

14       Plaintiffs base much of their opposition upon their mistaken belief they were required to
15 engage the repair contractors they contend failed. However, Plaintiffs' own testimony was they
16 have no basis in personal knowledge to believe they were under any obligation to use any
17 particular contractor. Plaintiffs' testimony that in that regard is as follows:

Mr. Bianco-

    Q.  Were you part of the conversation wherein there was a referral by Liberty Mutual?

    A.  I don't remember.  I don't think so.

(*See*, Excerpts of Deposition Testimony of Mr. Bianco, p. 17, ln.4-19, attached hereto as Exhibit "4".)

Ms. Carter-

    Q.  Now, did anyone from Liberty say to you that you were required to use any of Dallas White, Innovation or Belfor?

    A.  They're the ones that -- yes.  They're the ones that say we have -- we have a contractor for you.  You can go with them.  They recommended them.

    Q.  Okay.  So your understanding is that Liberty made a recommendation; is that right?

    A.  Yes.

>    Q.   And obviously I'm asking something different, which is did anyone from Liberty say that you were required to use any of Innovation, Dallas White or Belfor?  Was there a statement like that from Liberty?
>    A.   I can't remember.

(*See*, Excerpts of Deposition Testimony of Ms. Carter, p.114-5, ln.17-25, ln. 1-17, attached hereto as Exhibit "5".)

Plaintiffs also have no basis to contend they were ever given any indication, statements or communications to suggest they were in any way limited or obligated to use certain repair trades, and Plaintiffs certainly do not present any admissible evidence to the contrary. Rather, the policy contract certainly does not contain any terms that limit or obligate Plaintiffs to any engage any particular repair trade, and Plaintiffs were expressly advised in writing to consult a contractor of their own choice. (*See*, Estimate Cover Letter, attached hereto as Exhibit "6".) In fact, the very first page of the very first document Plaintiffs produced in this litigation expressly advises Plaintiffs to consult with a repair contractor other and choosing, stating as follows, "[w]e encourage you to work with a contractor **of your choice** in completing the repairs to your home."[5] (*Id*.)(emphasis added.)

Plaintiffs have not presented the Court any admissible evidence to generate any genuine issue of material fact necessary to avoid summary judgment.

### IV.   PLAINTIFFS' OPPOSITION DOES NOT PROVIDE ADMISSIBLE EVIDENCE TO CREATE A GENUINE ISSUE OF MATERIAL FACT

Plaintiffs have not presented any admissible evidence with regard to the various elements Defendant identified for which Plaintiffs lack admissible evidence for their stated causes of action and prayers for breach of implied covenant, violation of unfair claims practices act, negligence of agency, or punitive damages.

#### A. PLAINTIFFS' OPPOSITION LACKS ADMISSIBLE EVIDENCE FOR THEIR CLAIM OF BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff's opposition does not provide any evidence for required causation and damages elements for Plaintiffs' claim for breach of the covenant of good faith and fair dealing.[6]

---

[5] Note Plaintiff Carter's handwriting and initialing of this document stating Plaintiffs are encouraged to work with a contractor of their choosing.
[6] Defendant also notes Plaintiffs' citations to pattern jury instructions are also not authority for any aspect of Plaintiff's opposition.

Plaintiffs' opposition does not include a single monetary figure or other form of admissible evidence that demonstrates damages owed. Plaintiffs' opposition does not include any admissible evidence of causation of any damages. Without any admissible evidence of causation or damages, Plaintiffs have failed to avoid summary judgment.

Moreover, Plaintiffs have not provided any admissible evidence that Defendant's conduct was knowingly and intentionally unreasonable. Plaintiffs' lack of admissible evidence demonstrates that Defendant is not liable for breach of covenant of good faith and fair dealing. Summary judgment should be granted in favor of Defendant for breach of covenant of good faith and fair dealing for these reasons.

### B. PLAINTIFFS' OPPOSITION LACKS ADMISSIBLE EVIDENCE TO SUPPORT THEIR CLAIM OF VIOLATION OF THE UNFAIR CLAIMS PRACTICES ACT

Similar to that of breach of covenant of good faith and fair dealing, Plaintiffs' opposition lacks admissible evidence of causation and damages as required for liability for violations of the unfair claims practices act. Additionally, Plaintiffs' opposition lacks any admissible evidence of statutory duty and breach which is required for liability for violations of the unfair claims practices act. Thus, due to Plaintiffs' lack of admissible evidence, summary judgment should be granted in favor of Defendant for violation of unfair claims practices act.

### C. PLAINTIFFS' CLAIM OF NEGLIGENCE OF AGENCY FAILS

The decisions Plaintiffs site in support of their theory for a cause of action for negligence of agency do not recognize any such claim, and no such elements are apparent. Plaintiffs do not respond to Defendant's argument that there is no recognized cause of action for "Negligence of Agency." Nonetheless, even in the event it appears that Plaintiffs are attempting to establish Defendant is liable as principal of its agents, Plaintiffs have not and cannot provide any admissible evidence of any agency relationship between Defendant and the contractors. Moreover, a case Plaintiff relies on in an attempt to establish the agency relationship demonstrates there is no agency relationship between Defendant and the contractors. An agency relationship requires:

> [T]he principal possess the right to control the agent's conduct. *Restatement (Second) of Agency §14 (1958).* This principle of agency, however, does not mean that an agency relationship exists every time one party has a contractual

> right to control some aspect of another party's business. *See, e.g., Schear v. Motel Management Corp. of America*, 61 Md.App. 670, 478 A.2d 1240 (1985); *Murphy v. Holiday Inns, Inc.*, 216 Va. 490, 219 S.E.2d 874 (1975).
>
> …
>
> Another essential element of agency… is a fiduciary obligation on the part of the alleged agents to "act primarily for the benefit of [another] in matters connected with [their] undertaking." Restatement (Second) of Agency §13.

*See*, *Hunter Mining Laboratories, Inc. v. Management Assistance, Inc.*, 763 P.2d 350, 352 (1988). However, in the present case there is no contract between Defendant and the contractors which allows control for any aspect of the contractors' business. Plaintiffs' statements of belief and statements of responsibilities are not enough to demonstrate an agency relationship between Defendant and the contractors. Plaintiffs have provided no admissible evidence of any agency relationship.

Plaintiffs' opposition contains a large number of erroneous legal conclusions and opinions from suppositions of non-party witnesses regarding principal and agent relationships between Defendant and the contractors. These suppositions are immaterial and inadmissible legal opinions and conclusions that must be determined by the trier of fact. Neither of Plaintiffs' non-party witnesses have any first-hand knowledge of the relationships between Defendant and the contractors. Moreover, Plaintiffs' non-party witnesses have no first-hand knowledge or admissible conclusions regarding contractual privity. Additionally, Plaintiffs themselves have no first-hand knowledge or admissible conclusions regarding the contractual privity of Defendant or the contractors. The only party that has demonstrated contractual privity with the contractors is the Plaintiffs.

### D. PLAINTIFFS DID NOT PRESENTED ANY ADMISSIBLE EVIDENCE OF CAUSATION AND DAMAGES OR PUNITIVE DAMAGES FOR ANY OF THEIR CAUSES OF ACTION

As indicated above, Plaintiffs did not present any admissible evidence of elements causation and damages for any of their causes of action, requiring summary judgment for this additional reason. With regard to each of the separate causes of action, Plaintiffs have not presented any nexus or connection for any alleged damage for all or any alleged breach or violation (whether pertaining to a theory for contract, common law, or statute). As pertains to Plaintiffs' extra-contractual claims, Plaintiffs have not identified any basis for any finding of

causation or damage; rather, they contend all of their damages based upon a separate breach of a contractual duty (which Defendant obviously contests to be created). Likewise, Plaintiffs have not presented any evidence of the elements for any punitive damages, requiring that prayer for damage to likewise be foreclosed by summary judgment.

### E. SUMMARY JUDGMENT SHOULD BE GRANTED FOR LIBERTY MUTUAL INSURANCE CORPORATION AND LIBERTY MUTUAL INSURANCE CORPORATION

Plaintiffs do not dispute that Liberty Mutual Insurance and Liberty Mutual Insurance Corporation are incapable of being held liable for the allegations within Plaintiffs' Complaint. They certainly do not present any admissible evidence to the contrary. Thus, summary judgments should be granted for the allegations against Liberty Mutual Insurance and Liberty Mutual Insurance Corporation.

## IV. CONCLUSION

Based upon the foregoing, Plaintiffs lack the necessary admissible evidence for the elements for their stated causes of action and prayers for damages. Plaintiffs lack evidence of duty and breach for their cause of action for alleged breach of contract. Plaintiffs lack admissible evidence of breach, knowingly and intentionally unreasonable conduct, and proximate causation and damages for their stated cause of action for alleged breach of implied covenant or for any of their associated allegations in that regard. Plaintiffs also lack admissible evidence of breach of statutory duty, proximate causation and damages for their stated cause of action for alleged violations of unfair claims practices act. Plaintiffs also lack admissible evidence for their prayers for punitive damages.

///
///
///
///
///
///
///
///

Therefore, Defendant, Liberty Insurance Corporation, respectfully requests this Honorable Court grant the Motion for Summary Judgment upon the entirety of Plaintiff's claims, Complaint, causes of action and prayers for damages. Summary judgment in favor of Defendant should be granted for the entirety of the action.

DATED this 25th day of March, 2021.

KOELLER NEBEKER CARLSON
& HALUCK, LLP

By: */s/Andrew C. Green*
ANDREW C. GREEN, ESQ.
Nevada Bar No. 9399
NATHANIEL T. COLLINS, ESQ.
Nevada Bar No. 15027
KOELLER NEBEKER CARLSON
 & HALUCK, LLP
400 S. 4th Street, Suite 600
Las Vegas, NV 89101
Attorneys for Defendant,
LIBERTY INSURANCE CORPORATION
*erroneously sued as* LIBERTY MUTUAL INSURANCE and LIBERTY MUTUAL INSURANCE CORPORATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 25th day of March, 2021, I served a copy of the foregoing **REPLY IN SUPPORT OF LIBERTY INSURANCE CORPORATION** *erroneously sued as* **LIBERTY MUTUAL INSURANCE and LIBERTY MUTUAL INSURANCE CORPORATION'S MOTION FOR SUMMARY JUDGMENT** by filing a true copy thereof with the Clerk of the Court using the CM/ECF System to be served upon all parties using the CM/ECF System.

                                      */s/ Laura Paturzo*
                                      An Employee of
                                      KOELLER, NEBEKER, CARLSON & HALUCK, LLP